UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. _____
15-CV-20722-Altonaga/O'Sullivan



Ralph Newton Aguila
    Plaintiff,
v.

Robert Ralph Parsons;
Kohlberg Kravis Roberts & Co. L.P.;
Silver Lake Management, L.L.C.;
TCMI, Inc.;
    Defendants.
_____/

## COMPLAINT

Plaintiff Ralph Newton Aguila ("Aguila"), for their Complaint against Defendants Robert Ralph Parsons ("Parsons"), Kohlberg Kravis Roberts & Co. L.P. ("KKR"), Silver Lake Management, L.L.C. ("SLM"), TCMI, Inc. ("TCV"), hereby alleges as follows:

## THE PARTIES

1. Aguila is an individual, having a principle place of residence in Weittenauerstrasse 11, Rottenburg am Neckar 72108, Germany. Aguila owns the rights in the trademarks and trade names at issue in this lawsuit ("Edge's MARKS"), as well as www.edge-systems.com.

2. Upon information and belief, the Defendants have multiple locations and addresses, but have nevertheless conducted business within this Judicial District.

1

3. Robert Ralph Parsons is an individual who, upon information and belief, lives in Scottsdale, Arizona. Parsons owns 28% of GoDaddy.

4. Kohlberg Kravis Roberts & Co. L.P. is a limited partnership with its principle place of business in New York, New York. KKR owns 28% of GoDaddy.

5. Silver Lake Management, L.L.C. is a limited liability corporation with its principle of place of business in Menlo Park, California. SLM owns 28% of GoDaddy.

6. TCMI, Inc. is a corporation with its principle of place of business in Palo Alto, California. TCV owns 12% of GoDaddy.

## JURISDICTION AND VENUE

7. Upon information and belief, Defendants conducts business throughout the United States, including in this Judicial District.

8. This Court has personal jurisdiction over Defendant because Defendant has a continuous, systematic, and substantial presence within this judicial district including by selling and offering for sale infringing products in this Judicial District and selling into the stream of commerce knowing that such products would be sold in this state and Judicial District.

9. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391, and by Plaintiff's choice of venue.

10. The Court has original subject-matter jurisdiction over the claims in this action pursuant to pursuant to 28 U.S.C. §§ 1331, 1337, and 1338 because of Plaintiff's claim for trademark infringement pursuant to 15 U.S.C. § 1114. This Court has supplemental jurisdiction over the claims in this Complaint which arise under state statutory and common

law pursuant to 28 U.S.C. § 1367 because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts. In addition, the amount in controversy is $4,350,890.

## FACTS

11. The Plaintiff operates an internet-based business through his website, www.edge-systems.com ("Plaintiff's website"). He is the domain name registrant.

12. On or about January 7th, 2015, the Defendants placed a "lock" on Plaintiff's website. Thus, the Plaintiff's website became inoperable, and the Plaintiff was unable to transfer the edge-systems.com domain name to another domain-hosting company.

## THE LOCKED DOMAIN NAME

13. Godaddy Inc. ("Godaddy") is the registrar for the Plaintiff's domain name.

14. The four Defendants collectively own Godaddy and are directors in GoDaddy's Board of Directors.

15. Although neither the Defendants, nor GoDaddy, received a Judicial Order to "lock" the Plaintiff's domain, they nevertheless decided to lock Plaintiff's edge-systems.com domain. In addition, the Plaintiff has not been accused by any party for cybersquatting or an ICANN domain dispute.

16. This registration lock prevents the Defendant from making any changes to the Locked Domain Name, i.e., the Defendant cannot sell the Locked Domain Name, nor can they move the website for the Locked Domain Name to another computer or hosting company.

17. At the time that the Defendants placed a lock on the Plaintiff's website, the Plaintiff was in the middle of transferring the domain-hosting account for the website from GoDaddy to another domain-hosting company. However, as a result of the locked status of the website, the transfer of the website out of GoDaddy has not occurred.

18. The Plaintiff had already paid the new hosting company (and are obligated to do so for the remainder of the term of their agreement with the new hosting company). Before the Plaintiff could modify the domain name records to point to the new hosting company, however, GoDaddy and the Defendants implemented their "registration lock" on the Locked Domain Name. As a result, the Plaintiff is unable to move their website to the new hosting company. This has resulted in additional expenses to the Plaintiff.

## COUNT 1: REVERSE DOMAIN-NAME HIJACKING

19. Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs 1-18 of the Complaint.

20. The Defendants have disabled the Locked Domain Name based on unknown reasons, which are outside of the contract that the Plaintiff agreed to when they purchased the domain-hosting account with the Defendants.

21. The Defendants' actions constitute reverse domain-name hijacking, and under 15 U.S.C. § 1114(2)(D)(iv), the Defendants are therefore liable for any damages, including costs and attorney's fees, incurred by the Plaintiff as a result of Defendants' actions.

## COUNT 2: TORTIOUS INTERFERENCE WITH CONTRACT

22. Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs 1-21 of the Complaint.

23. The Defendants were aware that the Plaintiff was a party to a contract with another domain-hosting provider, whether written, oral, or at law, to serve as the domain-name registrar for the Locked Domain Name.

24. The Defendants, through their actions, willfully and intentionally interfered with that contract.

25. The Defendants' actions were the proximate cause of the Plaintiff's damages.

26. There were no legal justification for the Defendants' actions to lock the Plaintiff's website.

27. The Plaintiff has suffered actual harm, as a result of Defendants' tortious interference with its contracts with another domain-name hosting company.

## COUNT 3: WRONGFUL DISABLEMENT OF A DOMAIN NAME

28. Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs 1-27 of the Complaint.

29. The registration and use of the Locked Domain Name is not unlawful under the Lanham Act since the Plaintiff has a common-law trademark and an active USPTO application for "Edge Systems", which forms the basis for the website www.edge-systems.com

30. The Plaintiff respectfully requests that pursuant to 15 U.S.C. § 1114(2)(D)(v), the Court enter a declaratory judgment that the Defendants have no right to lock or prevent Plaintiff's website from being transferred to another domain-hosting provider, by the Plaintiff.

31. The Plaintiff also respectfully requests that the Court grant an injunction which orders the Defendants to reactivate the Locked Domain Name or otherwise remove whatever disablements the Defendants have placed on the Locked Domain Name.

32. The Plaintiff also requests that the Court order such other relief as the Court considers appropriate.

## DEMAND FOR JURY TRIAL

33. The Plaintiff requests a trial by jury on all issues that may be tried by a jury.

WHEREFORE, the Plaintiff prays for judgment against the Defendants, together with an award of Plaintiff's costs, interest, attorneys' fees and such other relief as the Court deems equitable and just.

Dated: February 20th, 2015

Respectfully submitted,

_____

Ralph Newton Aguila, *pro se*
e-mail: raguila@gmail.com
Weittenauerstrasse 11
72108 Rottenburg am Neckar
GERMANY
Telephone: +49 7472 4303 995

## CERTIFICATE OF SERVICE

I HEREBY certify that on February 20th, 2015, I conventionally filed the foregoing Complaint with the Clerk of the Court. I also certify that a true and correct copy of the foregoing document was served by U.S. mail on all counsel or parties of record on the Service List below.

_____
Ralph Newton Aguila, *pro se*

## SERVICE LIST

Robert Ralph Parson
14455 N. Hayden Road
Scottsdale, AZ 85260

Kohlberg Kravis Roberts & Co. L.P
2800 Sand Hill Road,
Suite 200
Menlo Park, CA 94025

TCMI, Inc.
528 Ramona Street
Palo Alto, CA 94301

Silver Lake Management, L.L.C.
2775 Sand Hill Road,
Suite 100
Menlo Park, CA 94025